UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11CV-535-JGH

DARCY YONTS                                                                                                          PLAINTIFF

v.

EASTON TECHNICAL PRODUCTS, INC.                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant, Easton Technical Products, Inc. ("Easton"), has moved for summary judgment on what amounts to all remaining claims in the litigation. Due to the absence of any expert testimony, Plaintiff concedes that he cannot support a claim under products liability or negligence. And Easton now argues that Plaintiff lacks privity to assert implied warranty claims and lacks standing to bring claims under the Kentucky Consumer Protection Act ("KCPA"). The analysis of these remaining claims are fairly straightforward.

In Kentucky, the terms of a contract and statutory provisions govern express and implied warranties. *See Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985). Here, no contract existed. And Kentucky warranty statutes do not apply here because Plaintiff purchased the used arrows through Craigslist from a private individual. *See* KRS 355.2-318. Plaintiff argues that the facts themselves might create a warranty. The Court, however, finds no circumstances under which Easton would have intended to provide a warranty for used arrows whose use and maintenance were completely beyond its knowledge and control. Therefore, the Court finds no Kentucky law which would create a warranty here.

The KCPA provides protection for a class of persons defined in KRS 367.220, which

contemplates an action by a purchaser against his immediate seller. *Skillcraft Sheetmetal, Inc. v. Kentucky Mach., Inc*., 836 S.W.2d 907 (Ky. App. 1992). Thus, a secondhand purchaser is held not to have an action in the KCPA. *Williams v. Chase Bank USA*, *N.A.* 390 S.W.3d 824, 829 (2012). The Court finds no other evidence that Easton made provisions or warranties intended to reach secondhand purchasers, like Plaintiff. Therefore, Plaintiff is outside the protective scope of the KCPA.

 Being otherwise sufficiently advised,

 IT IS HEREBY ORDERED that Easton's motion for summary judgment is SUSTAINED and Plaintiff's claims are DISMISSED in their entirety with prejudice. The previously scheduled settlement conference is now unnecessary.

 This is a final order.

cc: Counsel of Record