UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-535-JGH

DARCY YONTS                                                                                          PLAINTIFF

v.

EASTON TECHNICAL PRODUCTS, INC.                                                         DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions that raise legitimate questions regarding the Court's Memorandum Opinion and Order (DN 84) dated January 20, 2015: (1) Plaintiff Darcy Yonts's motion to alter the Court's Memorandum Opinion and Order; and (2) Intervening Plaintiff North American Stainless's ("NAS") motion for clarification (DN 93). In the January 20 Order, the Court dismissed Plaintiff's claims for breach of warranty and violation of the Kentucky Consumer Protection Act. Moreover, because Plaintiff was unable to present expert testimony and conceded his design and manufacturing defect claims, the Court dismissed those claims as well. Last, the Court issued a supposed "final order" that purportedly dismissed all of Plaintiff's remaining claims.

As it turns out, Plaintiff had other claims that were not yet fully briefed, and NAS still had its contractual subrogation claim. On December 30, 2014, Defendant separately moved to dismiss Plaintiff's failure to warn and punitive damages claims. At the time of the Court's January 20 Order, therefore, Plaintiff still had time to respond to these motions. The January 20 Order will be amended to dismiss only Plaintiff's breach of warranty, KCPA, design defect, and manufacturing defect claims. The remaining claims—failure to warn, punitive damages, and

subrogation—have only now been fully briefed. The Court will consider the motions on those claims in a separate Order.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to alter the Court's January 20 Order (DN 84) is SUSTAINED. That Order is hereby altered to dismiss the following of Plaintiff's claims with prejudice: breach of warranty, violation of the Kentucky Consumer Protection Act, strict liability (design defect and manufacturing defect), and negligence (design defect and manufacturing defect). NAS's motion for clarification (DN 93) is moot.

cc: Counsel of Record